**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
NORTHERN DIVISION**

---

| | |
|---|---|
| EDWARD ALLAN BUCK,<br><br>            Plaintiff,<br><br>      v.<br><br>DAVID DRAKE et al.,<br><br>            Defendants. | **MEMORANDUM DECISION AND ORDER DISMISSING AMENDED COMPLAINT**<br><br>Case No. 1:07-CV-172 DB<br><br>District Judge Dee Benson<br><br>Magistrate Judge David Nuffer |

---

Plaintiff, Edward Allan Buck, filed this civil rights suit under 42 U.S.C. § 1986.[1]  *See* 42 U.S.C.A. § 1986 (West 2009). Plaintiff was granted leave to proceed *in forma pauperis* under 28 U.S.C. § 1915.  *See* 28 U.S.C.A. 1915 (West 2009).  This case is now before the Court for screening of Plaintiff's Amended Complaint under 28 U.S.C. § 1915(e).

### ANALYSIS

### I. Screening Standard

Under 28 U.S.C. § 1915(e)(2)(B) the Court shall dismiss any claims in a complaint filed *in forma pauperis* if they are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C.A. 1915(e)(2)(B) (West

---

[1]  The Amended Complaint originally named Suzanne Hanson Hadley as a co-plaintiff, however, Hadley was recently voluntarily dismissed from this suit.

2009). A claim is frivolous if "it lacks an arguable basis in either law or fact," or if it is premised on an "indisputably meritless legal theory." *Neitzke v. Williams*, 490 U.S. 319, 325-27, 109 S. Ct. 1827, 1831-33 (1989). A claim is legally baseless if it alleges the infringement of a legal interest that does not exist or if the named defendants are clearly entitled to immunity. *Id.* "Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." *Perkins v. Kan. Dep't of Corr.*, 165 F.3d 803, 806 (10th Cir. 1999).

For screening purposes the Court "presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991). Moreover, because Plaintiff is proceeding pro se the Court must construe his pleadings liberally and hold them to a less stringent standard than formal pleadings drafted by lawyers. *Id.* However, "[t]he broad reading of the plaintiff's complaint does not relieve [him] of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Id.* While Plaintiff need not describe every fact in specific detail, "conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based." *Id.*

## II.  Plaintiff's Claims

Plaintiff's Amended Complaint vaguely alleges a conspiracy among Defendants to perpetrate various state and federal crimes against Plaintiff.  Plaintiff's pleadings provide very few details regarding the circumstances surrounding his claims, however, it appears that Plaintiff's claims stem from an investigation of Plaintiff and his former co-plaintiff, Hadley, on allegations of extortion.  Plaintiff states that Defendant Drake, an attorney who previously represented Hadley in juvenile court proceedings, brought "fraudulent extortion criminal complaints against [Plaintiff and Hadley]" with the Salt Lake City Police Department and the Federal Bureau of Investigation. (Am. Compl. at 5-6.)  Plaintiff alleges that based on Drake's statements to law enforcement Hadley was "falsely arrested and falsely incarcerated without bail for a period of a month."[2] (Am. Compl. at 6.)  It does not appear that Drake's actions also caused Plaintiff to be arrested or criminal charges to be brought against him, however, Plaintiff alleges that Drake's statements amounted to "criminal defamation" of Plaintiff under Utah law. Plaintiff further alleges that he complained about Drake's

---

[2] The relationship between Plaintiff and Hadley is unclear from the pleadings.  Although Hadley is not specifically identified as Plaintiff's wife, the pleadings do occasionally refer to her as "Suzanne Hanson Hadley Buck."  (Am. Compl. at 5.) Regardless, Plaintiff does not assert authority to pursue claims on Hadley's behalf and Hadley's alleged injuries are irrelevant to the sufficiency of Plaintiff's claims.

actions to various state and federal officials but nothing was done.  In essence, Plaintiff's Complaint alleges that Defendants acted as co-conspirators with Drake, either by acting on Drake's purportedly false allegations, or by refusing to act on Plaintiff's complaints against Drake.  The Amended Complaint seeks compensatory and punitive damages totaling $230,000,000.

### III. Sufficiency of Plaintiff's Claims

After thoroughly reviewing Plaintiff's Amended Complaint the Court concludes that Plaintiff's claims lack merit.  Although Plaintiff cites a number of state and federal criminal statutes which he believes were violated by Defendants--including statutes related to extortion, fraud, misrepresentation, libel, defamation, obstruction of justice, providing false information to law enforcement, etc.--Plaintiff does not allege facts showing a violation of any "rights, privileges, or immunities secured by the Constitution and laws [of the United States]." *See 42 U.S.C. 1983*.  Even accepting Plaintiff's assertion that Defendants' conduct violated various Utah criminal statutes, a federal civil rights suit is not an appropriate vehicle for pressing such claims.  Moreover, even if Plaintiff's allegations of criminal conduct could be construed as valid tort claims they would not be cognizable under Section 1983 or its companion statutes. Finally, many of the individuals named as defendants in this case, such as prosecutors and judges, have absolute immunity

4

against Plaintiff's claims because they were acting in their official capacities.

Plaintiff's attempt to fashion his conclusory allegations of criminal conduct into a conspiracy claim under §§ 1985-1986 is also unavailing.[3]  *See* 42 U.S.C.A. §§ 1985-1986 (West 2009). Under Tenth Circuit precedent, to state a viable civil rights conspiracy claim a plaintiff must show, "(1) the existence of a conspiracy, (2) intended to deprive [the plaintiff] of equal protection under the laws or equal privileges and immunities of the laws, (3) resulting in an injury or deprivation of federally-protected rights, and (4) an overt act in furtherance of the object of the conspiracy. *Murray v. City of Sapulpa*, 45 F.3d 1417, 1423 (10th Cir. 1995) (citing *Griffin v. Breckenridge*, 403 U.S. 88, 102-03, 91 S. Ct. 1790, 1802 (1971)).  Moreover, "[t]he conspiracy not only must have as its purpose the deprivation of equal protection of the laws, but also must be motivated by some racial, or perhaps otherwise class-based, invidious discriminatory animus behind the conspirators' action." *Cole v. Sharp*, 898 F. Supp. 799, 801 (10th Cir. 1995).

As an initial matter, Plaintiff's allegations do not show the existence of a conspiracy.  The essence of Plaintiff's conspiracy claim is simply that each of the defendants behaved

---

[3]  Although the Amended Complaint refers only to Section 1986, that statute only provides an "action for neglect to prevent" a violation of Section 1985.

favorably toward Drake--either by acting on Drake's allegedly false accusations regarding Plaintiff, or by refusing to act on Plaintiff's complaints against Drake--and, therefore, defendants must have been in league with Drake in going after Plaintiff. This theory, however, overlooks the possibility that Defendants each exercised their own independent judgment but happened to reach the same conclusions.  The mere fact that each of the defendants may have favored Drake's version of events over Plaintiff's does not show a conspiracy.

More importantly, even if Plaintiff could show a conspiracy, the facts alleged do not support the conclusion that Defendants intended to deprive Plaintiff of equal protection under the laws or equal privileges and immunities of the laws.  As previously pointed out, Plaintiff's complaint fails to show a violation of any rights protected by the Constitution or federal law.

Finally, Plaintiff does not allege any facts showing that Defendants were motivated by any invidious discriminatory animus. In fact, given the large number of people allegedly involved, and their vastly different backgrounds, it is difficult to imagine that any invidious discriminatory animus was at play here.

Thus, the Court concludes that Plaintiff's claims lack any arguable basis in law or fact and Plaintiff's Amended Complaint must be dismissed as frivolous.

**ORDER**

Based on the foregoing, **IT IS HEREBY ORDERED** that

Plaintiff's Amended Complaint is **DISMISSED** as frivolous under 28

U.S.C. § 1915(e)(2)(B) and this case is closed.

DATED this 16th day of March, 2009.

BY THE COURT:

_____
DEE BENSON
United States District Judge